UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TELEBRANDS CORP., <br><br> *Plaintiff* <br><br> v. <br><br> GUANGZHOULINGYEDIANZISHANGWUYOUXIANGONGSI d/b/a ZEZZ; GUANGZHOUSHISHUGELINKEJIYOUXIANGONGSI d/b/a DAYISTOOLS; GUANGZHOULINGYEDIANZISHANGWUYOUXIANGONGSI d/b/a SICILY MIUBBER a/k/a SICILY TDNFAZBR a/k/a SICILY-US; JINGMENSHIZUIMEISHANGMAOYOUXIANGONGSI d/b/a TYRELLSO a/k/a TYRELLSO GARDEN HOSE; and SHEN ZHEN LING KU KE JI YOU XIAN GONG SI d/b/a LINKU a/k/a LINKU USA, <br><br> *Defendants* | **25-cv-8558 (DEH)** <br><br> **PRELIMINARY INJUNCTION ORDER** |

**GLOSSARY**

| Term | Definition |
|---|---|
| **Plaintiff or Telebrands** | Telebrands Corp. |
| **Defendant** | GUANGZHOUSHIXIXILIJIAJUYONGPINYOUXIANGONGSI d/b/a Sicily-US s/h/a guangzhoulingyedianzishangwuyouxiangongsi d/b/a Sicily Miubber a/k/a Sicily TDNFAZBR a/k/a Sicily-us |
| **Amazon** | Amazon.com, a Seattle, Washington-based, online marketplace and e-commerce platform owned by Amazon.com, Inc., a Delaware corporation, that allows manufacturers and other third-party merchants, like Defendant, to advertise, distribute, offer for sale, sell and ship their retail products, which, upon information and belief, primarily originate from China, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York |
| **ASIN** | Amazon Standard Identification Numbers: |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff |
| **GLF** | The Gikkas Law Firm, counsel for Defendant |
| **Application** | Plaintiff's forthcoming *ex parte* application for: 1) a temporary restraining order; 2) an order restraining Defendant's User Accounts (as defined *infra*), Merchant Storefronts (as defined *infra*) and Defendant's Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery |
| **Pocket Hose Products** | A line of innovative, patented, tear and kink-resistant garden hoses, which expand in size when the spigot is turned on and pressured water is introduced into the hoses and contract when the water is turned off, sold under the trademark POCKET HOSE® and other related marks |
| **Pocket Hose Patent** | U.S. Patent No. 9,581,272 for "Expandable and Contractible Garden Hose" |
| **Accused Products** | **PLAINTIFF'S POSITION:**<br>Expandable and contractible hoses that allegedly infringe at least claim 13 of the Pocket Hose Patent including, without limitation the following ASINs: B0F3XXQ4B9 and B0FDKHLRLM<br><br>**DEFENDANTS'S POSITION:**<br>Expandable and contractible hoses that allegedly infringe at least claim 13 of the Pocket Hose Patent with the following ASINs: B0F3XXQ4B9 and B0FDKHLRLM. |
| **Non-Accused Products** | **PLAINTIFF'S POSITION:**<br>All Defendant's products not accused of infringing the Pocket |

|  | Hose Patent offered for sale<br><br>**DEFENDANT'S POSITION:**<br>The products with the following ASINs:<br>B0CWMGTVTR<br>B0CWMK5CN2<br>B0CXFCR5NQ<br>B0CWMF16JK<br>B0DNSL5SQV<br>B0DNSJMMGG<br>B0DNSLNK2D<br>B0DNSMNDCK<br>B0DNSL36YD |
|---|---|
| **Accused Product Listings** | Defendant's listings for Accused Products |
| **User Account(s)** | Any and all websites and any and all accounts with online marketplace platforms such as Amazon, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendant, and/or its respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Merchant Storefront(s)** | Any and all User Accounts through which Defendant, its respective officers, employees, agents, servants and all persons in active concert or participation with Defendant, operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, make, use, offer for sale, sell and/or otherwise deal in Accused Products on Amazon, which are held by or associated with Defendant, its respective officers, employees, agents, servants and all persons in active concert or participation with Defendant |
| **Defendant's Assets** | Any and all money, securities or other property or assets of Defendant (whether said assets are located in the U.S. or abroad) |
| **Defendant's Financial Accounts** | Any and all financial accounts associated with or utilized by Defendant or any Defendant's User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) |
| **Financial Institutions** | Amazon.com, Inc., Amazon Payments, Inc. ("Amazon Pay"), PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), and PingPong Global Solutions, Inc. ("PingPong") |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly, by Amazon, such as Amazon.com, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendant, its respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for |

| | |
|---|---|
| | sale, sell and/or otherwise deal in Accused Products which are hereinafter identified as a result of any order entered in this action, or otherwise |
| **Hague Service Convention** | Convention of 15 November 1965 on the Servcie Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters |

WHEREAS, Plaintiff having moved *ex parte* on October 16, 2025 against Defendant for the following: 1) a temporary restraining order; 2) an order restraining Defendant's User Accounts, Merchant Storefronts and Defendant's Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery against Defendant, Third Party Service Providers and Financial Institutions in light of Defendant's intentional and willful offerings for sale and/or sales of Accused Products;

WHEREAS, on the same day, October 16, 2025, the Court entered an Order granting Plaintiff's Application ("TRO") which, *inter alia*, ordered Defendant to appear on October 28, 2025 at 3:00 p.m. to show cause why a preliminary injunction should not issue ("Show Cause Hearing");

WHEREAS, on October 22, 2025, Plaintiff wrote a letter to the Court requesting modification and extension of the TRO, and on the same day, October 22, 2025, the Court entered an Order extending the TRO and adjourning the Show Cause hearing to November 13, 2025 at 4:00 p.m. ("October 22, 2025 Order");

WHEREAS, on November 4, 2025, pursuant to the alternative methods of service authorized by the TRO, Plaintiff served the Summons, Complaint, TRO, all papers filed in support of the Application and the October 22, 2025 Order on Defendant;

WHEREAS, on November 6, 2025, counsel for Defendant ("Sicily-US") wrote to the Court requesting to appear at the Show Cause Hearing by telephone or Zoom;

WHEREAS, on the same day, November 6, 2025, the Court entered an Order granting Sicily-US's request and ordering that the Show Cause Hearing would be held by Microsoft Teams ("November 6, 2025 Order");

WHEREAS, on the same day, November 6, 2025, pursuant to the alternative methods of service authorized by the TRO, Plaintiff served the November 6, 2025 Order on Defendant;

WHEREAS, on November 13, 2025, 2025 at 4:00 p.m., Plaintiff and Defendant appeared at the Show Cause Hearing;

WHEREAS, on November 13, 2025, the TRO was dissolved by its own terms;

WHEREAS, on November 13, 2025, the Court issued an oral ruling that granted-in-part and denied-in-part Plaintiff's Motion for a Preliminary Injunction as to Defendant; and

WHEREAS, on November 14, 2025, the Court issued a written order (Dkt. No. 38) that summarized its oral ruling as to Defendant and ordered the parties to meet and confer about the form of this Preliminary Injunction Order, among other things.

## PRELIMINARY FACTUAL FINDINGS & CONCLUSIONS OF LAW

A.    Plaintiff is likely to prevail on its Patent Act claim at trial.

B.    As a result of Defendant's alleged infringement, Plaintiff, as well as consumers, are likely to suffer immediate and irreparable losses, damages and injuries:

   a. Defendant has offered for sale and sold the Accused Products in the United States that allegedly infringe the Pocket Hose Patent; and

   b. Plaintiff has alleged fears that more Accused Products will appear in the United States marketplace; that consumers may be misled, confused and disappointed by the quality of these Accused Products, possibly resulting in injury to Plaintiff's reputation and goodwill; and that Plaintiff may suffer loss of sales for the Pocket Hose Products.

   c. The balance of potential harm to Defendant of being prevented from continuing to profit from its allegedly infringing activities if a preliminary injunction order is issued is outweighed by the potential harm to Plaintiff, its business, the goodwill and

reputation built up in and associated with the Pocket Hose Patent and to its reputation if a preliminary injunction is not issued through the pendency of this action.

d. Public interest favors issuance of the preliminary injunction order in order to protect Plaintiff's interests in and to its Pocket Hose Patent, in the event that the Accused Products are found to infringe the Pocket Hose Patent.

e. The Court found that Plaintiff has not met its burden of showing there is a basis for a continued freeze on Defendant's Assets, and Plaintiff shall take all necessary steps to inform Financial Institutions controlling Defendant's Financial Accounts that this restraint has been dissolved. Defendant may continue to market and sell Non-Accused Products through Third Party Service Providers, and Plaintiff shall take all necessary steps to inform Third Party Service Providers that the restraint on the Non-Accused Products has been lifted.

## **ORDER**

1. All injunctive relief previously granted in the TRO are dissolved against Defendant's Assets including Defendant's Financial Accounts with any and all Financial Institutions associated with Defendant's User Accounts and Defendant's Merchant Storefronts.

2. All injunctive relief previously granted in the TRO are dissolved against Defendant's Non-Accused Products.

3. The injunctive relief previously granted in the TRO is dissolved but a preliminary injunction shall be in place through the pendency of this action, and issuing this Order is warranted under Federal Rule of Civil Procedure 65 and Section 34 of the Patent Act.

a) Accordingly, Defendant, its respective officers, employees, agents, servants and all persons in active concert or participation with Defendant, are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

    i. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, making, using, offering for sale, selling and/or otherwise dealing in Accused Products, or any other products that are not more than colorably different from the Accused Products in the United States and its territories;

    ii. directly or indirectly infringing in any manner Plaintiff's Pocket Hose Patent;

    iii. making, using, selling, importing and/or offering to sell products that infringe the Pocket Hose Patent, and products that are not more colorably different than the Accused Products **in the United States and its territories;**

iv.  secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Accused Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to Defendant's User Accounts, Merchant Storefronts or Defendant's Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, making, using offering for sale and/or sale of Accused Products and products that are not more than colorably different than the Accused Products;

v.  effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, making, using, offering for sale and/or sale of Accused Products and products that are not more than colorably different than Accused Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order; and

5

vi. knowingly instructing any other person or business entity to engage in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(v) above and 1(b)(i) and 1(c)(i) below.

b) Accordingly, Defendant and all persons in active concert and participation with them who receive actual notice of this Order, including the Third Party Service Providers and Financial Institutions who satisfy those requirements and are identified in this Order, are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

i. instructing, aiding or abetting Defendant and/or any other person or business entity in engaging in any of the activities referred to in subparagraphs I(a)(i) through I(a)(v) and 1(c)(i) below.

c) Accordingly, Defendant and all persons in active concert and participation with them who receive actual notice of this Order, including the Third Party Service Providers who satisfy those requirements, are restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

i. instructing, aiding, or abetting Defendant and/or any other person or business entity in engaging in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(v) and 1(b)(i) above.

6

a) Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers served with this Order  shall provide to Plaintiff's counsel all documents and records in its possession, custody or control (whether located in the U.S. or abroad) relating to Defendant's User Accounts and Defendant's Merchant Storefronts, including, but not limited to, documents and records relating to:

    i.  any and all User Accounts and Defendant's Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendant's Merchant Storefronts that Defendant has ever had and/or currently maintain with the Third Party Service Providers that were not previously provided pursuant to Paragraph V(C) of the TRO;

    ii.  the identities, location and contact information, including any and all e-mail addresses of Defendant that were not previously provided pursuant to Paragraph V(C) of the TRO;

    iii.  the nature of Defendant's business(es) and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendant's User Accounts and Defendant's Merchant Storefronts, a full accounting of Defendant's sales history and listing history under such accounts and Defendant's Financial Accounts with any and all Financial Institutions associated with Defendant's User Accounts and Defendant's Merchant Storefronts; and

    iv.  Defendant's manufacturing, importing, exporting, advertising, marketing,

7

promoting, distributing, displaying, making, using, offering for sale and/or selling of Accused Products, or any other products that are not more than colorably differently than the Accused Products.

4.  As sufficient cause has been shown, and pursuant to Rule 4(f)(3) and Article 15 of the Hague Service Convention that service may be made on, and shall be deemed effective as to Defendant if it is completed by the following means:

   a) delivery of: (i) a PDF copy of this Order and (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com or via website publication through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where each Defendant will be able to download a PDF copy of this Order, to Defendant's e-mail addresses as identified by Amazon pursuant to **Paragraph V(C)** of the TRO.

5.  As sufficient cause has been shown, service of this Order shall be made on and deemed effective as to the Third Party Service Providers and Financial Institutions if it is completed by the following means:

   a) delivery of: (i) a true and correct copy of this Order via Federal Express to Amazon.com, Inc. at Corporation Service Company 300 Deschutes Way SW, Suite 304, Tumwater, WA 98501, (ii) a PDF copy of this Order or (iii) a link to a secure website where Amazon.com, Inc. and Amazon Pay will be able to download a PDF copy of this Order via electronic mail to tro-notices@amazon.com and ostephmu@amazon.com;

b) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PayPal Inc. will be able to download a PDF copy of this Order via electronic mail to PayPal Legal Specialist at EEOMALegalSpecialist@paypal.com;

c) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Payoneer Inc. will be able to download a PDF copy of this Order via electronic mail to thirdpartyrequests@payoneer.com; and

d) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PingPong Global Solutions Inc. will be able to download a PDF copy of this Order via electronic mail to trorequest@pingpongx.com.

6. The parties shall comply with the terms of this Order and any act by them in violation of this Order may be considered and prosecuted as in contempt of this Court.

7. The $15,000.00 bond posted by Plaintiff shall remain with the Court.  The parties shall meet and confer to increase the amount of the bond for pendency of the preliminary injunction or until a final disposition of this case or until this Order is terminated.

9

8.  This Order shall remain in effect during the pendency of this action, or until further order of the Court.

9.  Defendant subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiff or on shorter notice as set by the Court.

10. Defendant's deadline to answer or otherwise respond to the Complaint is adjourned sine die.

11. **On or before December 19, 2025, the Parties shall file a proposed case management plan pursuant to this Court's individual rules.**

**SO ORDERED.**

SIGNED this 24th day of November, 2025
New York, New York

_____
HON. DALE E. HO
UNITED STATES DISTRICT JUDGE

10