

**EPSTEIN DRANGEL LLP**

6 East 45th Street, 7th Floor, New York, NY 10017
T: 212.292.5390 • E: mail@ipcounselors.com
www.ipcounselors.com

February 12, 2026

**VIA ECF**
Hon. Dale E. Ho
Thurgood Marshall
United States Courthouse
40 Foley Square, Courtroom 905
New York, New York 10007

    Re: *Telebrands Corp. v. Guangzhoulingyedianzishangwuyouxiangongsi d/b/a Zezz, et al.*
      Case No. 25-cv-8558 (DEH)
      <u>Letter Regarding Hague Service Update</u>

Dear Judge Ho,

  We represent Plaintiff Telebrands Corp. ("Plaintiff") in the above-referenced matter (the "Action").[1] On December 23, 2025, the Court entered an Order that Plaintiff must serve Defendant guangzhoulingyedianzishangwuyouxiangongsi d/b/a Sicily Miubber a/k/a Sicily TDNFAZBR a/k/a Sicily-us ("Sicily") through the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague"). (Dkt. 55). Per the Declaration of Michael Turitto ("Turitto Dec.") (Dkt. 20), as Plaintiff was also able to discover true and correct physical addresses for Defendants Guangzhoushishugelinkejiyouxiangongsi d/b/a DayisTools ("DayisTools") and jingmenshizuimeishangmaoyouxiangongsi d/b/a Tyrellso a/k/a tyrellso garden ("Tyrellso"), Plaintiff also attempted Hague service on DayisTools and Tyrellso.[2]

  Hague service was successful on Sicily and DayisTools. (Dkt. 56). Hague service was unsuccessful on Tyrellso. Epstein Drangel's Beijing office was unable to independently locate alternate physical addresses for Tyrellso. Given that Plaintiff has no way to effectuate regular service on Tyrellso, and the Hague does not apply when an address is unknown,[3] Plaintiff

---

[1] Where a defined term is referenced herein but not defined, it should be understood as it is defined in the Glossary in Plaintiff's Complaint or Application.

[2] Per the Turitto Dec., the following Defendants displayed false addresses on their Merchant Storefronts not connected to the respective Defendants: Shen Zhen Ling Ku Ke Ji You Xian Gong Si d/b/a Linku a/k/a Linku USA ("Linku USA") and Guangzhoulingyedianzishangwuyouxiangongsi d/b/a Zezz ("Zezz"). As Epstein Drangel's Beijing office could not independently locate true and correct physical addresses for Defendants Linku USA and Zezz, the Hague did not apply to them, and the alternative service authorized by the Temporary Restraining Order ("TRO") (Dkt. 21) and Preliminary Injunction Order ("PI Order") (Dkt. 39) was necessary and proper.

[3] "Article 1 of the Hague Convention specifies that the Convention does not apply when the addresses of foreign defendants are unknown." *Microsoft Corp. v. John Does 1-21, 25-35, and 37-39*, No. 12-cv-01335, 2012 WL 5497946, at *6 (E.D.N.Y. Nov. 13, 2012); *see also, SEC v. Lines*, 07 Civ. 11387, 2009 WL 3179503, at *9-10 (S.D.N.Y. Oct. 2, 2009) (citing Convention done at the Hague, November 15 1965, 20 U.S.T. 361 (U.S.T.1969)).



EPSTEIN DRANGEL LLP
6 East 45th Street, 7th Floor, New York, NY 10017
T: 212.292.5390 • E: mail@ipcounselors.com
www.ipcounselors.com

respectfully submits that the alternative service requested in Plaintiff's Application[4] was necessary and appropriate. Accordingly, Plaintiff respectfully requests that the Court deem the alternative service initially effectuated on Tyrellso proper and effective. Recently, in analogous actions, judges in this District have deemed the alternative service initially completed on similarly situated defendants effective. *Supercell Oy v. Bandai Gua Gua Model Toys Store et al.*, Case No. 25-cv-2312 (VSB), Dkt. 40 (S.D.N.Y. Feb. 4, 2026); *Supercell Oy v. ANXIZHILANGSHANGMAOYOUXI, et al.*, Case No. 25-cv-2315 (JLR) (S.D.N.Y. Jan. 20, 2026); *King Spider LLC v. 884886 CH Store, et al.*, Case No 23-cv-3472 (JMF), Dkt. 205, 248, 279 (S.D.N.Y. 2025).

We thank the Court for its time and attention to this matter.

Respectfully submitted,

**EPSTEIN DRANGEL LLP**

BY: /s/ Gabriela N. Nastasi
Gabriela N. Nastasi
gnastasi@ipcounselors.com
6 East 45th Street, 7th Floor
New York, NY 10017
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiff*

---

[4] The alternative service authorized by the TRO allowed Plaintiff to serve Defendants by the following means:
1) delivery of: (i) PDF copies of [the TRO] together with the Summons and Complaint, and (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com and via website publication through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where each Defendant will be able to download PDF copies of the TRO together with the Summons and Complaint, and all papers filed in support of Plaintiff's Application seeking [the TRO] to Defendants' e-mail addresses to be determined after having been identified by Amazon pursuant to Paragraph V(C) [of the TRO] or may otherwise be determined.