**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TELEBRANDS CORP., <br><br> *Plaintiff* <br><br> v. <br><br> GUANGZHOULINGYEDIANZISHANGWUY OUXIANGONGSI d/b/a ZEZZ; GUANGZHOUSHISHUGELINKEJIYOUXIAN GONGSI d/b/a DAYISTOOLS; GUANGZHOULINGYEDIANZISHANGWUY OUXIANGONGSI d/b/a SICILY MIUBBER a/k/a SICILY TDNFAZBR a/k/a SICILY-US; JINGMENSHIZUIMEISHANGMAOYOUXIAN GONGSI d/b/a TYRELLSO a/k/a TYRELLSO GARDEN HOSE; and SHEN ZHEN LING KU KE JI YOU XIAN GONG SI d/b/a LINKU a/k/a LINKU USA, <br><br> *Defendants* | **CIVIL ACTION NO. 25-cv-08558-DEH** <br><br> **ORDER GRANTING PLAINTIFF'S *EX PARTE* APPLICATION TO MODIFY PRELIMINARY INJUNCTION ORDER AGAINST DEFENDANT GUANGZHOUSHIXIXILIJIAJUYON GPINYOUXIANGONGSI D/B/A SICILY-US S/H/A GUANGZHOULINGYEDIANZISHANG WUYOUXIANGONGSI D/B/A SICILY MIUBBER A/K/A SICILY TDNFAZBR A/K/A SICILY-US AND/OR ATTACH ASSETS** <br><br> **<u>FILED UNDER SEAL</u>** |

## GLOSSARY

| Term | Definition |
|------|-----------|
| **Plaintiff or Telebrands** | Telebrands Corp. |
| **Sicily** | GUANGZHOUSHIXIXILIJIAJUYONGPINYOUXIANGONGSI d/b/a Sicily-US s/h/a guangzhoulingyedianzishangwuyouxiangongsi d/b/a Sicily Miubber a/k/a Sicily TDNFAZBR a/k/a Sicily-us |
| **Defendants** | Sicily; Guangzhoulingyedianzishangwuyouxiangongsi d/b/a Zezz; Guangzhoushishugelinkejiyouxiangongsi d/b/a DayisTools;; jingmenshizuimeishangmaoyouxiangongsi d/b/a Tyrellso a/k/a tyrellso garden hose; and Shen Zhen Ling Ku Ke Ji You Xian Gong Si d/b/a Linku a/k/a Linku USA |
| **Amazon** | Amazon.com, a Seattle, Washington-based, online marketplace and e-commerce platform owned by Amazon.com, Inc., a Delaware corporation, that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their retail products, which, upon information and belief, primarily originate from China, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff |
| **Application** | Plaintiff's *ex parte* application for: 1) a temporary restraining order; 2) an order restraining Defendants' User Accounts (as defined *infra*), Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery |
| **TRO** | The Court's October 16, 2025 Order granting Plaintiff's Application (*Dkt. No. 21*) |
| **Pocket Hose Products** | A line of innovative, patented, tear and kink-resistant garden hoses, which expand in size when the spigot is turned on and pressured water is introduced into the hoses and contract when the water is turned off, sold under the trademark POCKET HOSE® and other related marks |
| **Pocket Hose Patent** | U.S. Patent No. 9,581,272 for "Expandable and Contractible Garden Hose" |
| **Accused Products** | Expandable and contractible hoses that allegedly infringe at least claim 13 of the Pocket Hose Patent, including, without limitation, the following ASINs: B0F3XXQ4B9 and B0FDKHLRLM[1] |

---

[1] Plaintiff's definition of Accused Products is used herein. Sicily's proposed definition set forth in the PI Order is: "Expandable and contractible hoses that allegedly infringe at least claim 13 of the Pocket Hose Patent with the following ASINs: B0F3XXQ4B9 and B0FDKHLRLM".

| Term | Definition |
|---|---|
| **User Account(s)** | Any and all websites and any and all accounts with online marketplace platforms such as Amazon, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, and/or their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Merchant Storefront(s)** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with Defendants, operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, make, use, offer for sale, sell and/or otherwise deal in Infringing Products on Amazon, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with Defendants |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |
| **Sicily's Assets** | Any and all money, securities or other property or assets of Sicily (whether said assets are located in the U.S. or abroad) |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) |
| **Sicily's Financial Accounts** | Any and all financial accounts associated with or utilized by any Sicily or any of its User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) |
| **Financial Institutions** | Amazon.com, Inc., Amazon Payments, Inc. ("Amazon Pay"), PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), and PingPong Global Solutions, Inc. ("PingPong") |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly, by Amazon, such as Amazon.com, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Infringing Products which are hereinafter identified as a result of any order entered in this action, or otherwise |
| **PI Order** | Preliminary Injunction Order, entered against Sicily (*Dkt. No. 48*) |
| **Instant Application** | Plaintiff's instant *ex parte* application to modify the PI Order against Sicily and/or attach Sicily's Assets |

WHEREAS, On October 16, 2025, Plaintiff moved, on an *ex parte* basis, against Defendants, including Sicily, for the following: 1) a temporary restraining order; 2) an order restraining Defendants' User Accounts, Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery against Defendants, Third Party Service Providers and Financial Institutions in light of Defendants' intentional and willful offerings for sale and/or sales of products infringing upon the Pocket Hose Patent, and said Application was granted by this Court;

WHEREAS, on November 13, 2025, the TRO was dissolved by its own terms, and the Court issued an oral ruling that granted-in-part and denied-in-part Plaintiff's motion for a preliminary injunction as to Sicily;

WHEREAS, this Court found Plaintiff was likely to success on the merits, but vacated the asset freeze previously entered as part of the TRO against Sicily, without prejudice, due to a lack of showing regarding Sicily's likelihood to evade enforcement of any judgment rendered;

WHEREAS, on November 26, 2025, the Court entered the PI Order against Sicily;

WHEREAS, on January 23, 2026 Sicily was served with the Summons, Complaint, TRO, and all papers filed in support of Plaintiff's Application via the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (*Dkt. No. 56*);

WHEREAS, after the entry of the PI Order, on February 27, 2026, The Gikkas Law Firm, P.C. filed a motion to withdraw as counsel for Sicily, which, after a hearing during which Sicily's representative indicated Sicily did not intend to defend this action, was granted;

WHEREAS, Plaintiff is now moving *ex parte* against Sicily for an order modifying the PI Order and/or attaching Sicily's Assets in light of Sicily's continued manufacture, importation,

1

exportation, advertising, marketing, promotion, distribution, display, making, use, offering for sale and/or sale of Accused Products, and lack of further participation in this action; and

NOW THEREFORE, the Court finds that there is just cause for granting the Instant Application, and orders as follows:

## **ORDER**

a) Pursuant to Fed. R. Civ. P. 64 and N.Y. C.P.L.R. 6201 and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, as sufficient cause has now been shown, that within five (5) days of receipt of service of this Order, the Financial Institutions shall locate and attach Sicily's Financial Accounts and shall provide written confirmation of such attachment to Plaintiff's counsel.

b) Since if given prior notice, Sicily is likely to secret, conceal, transfer or otherwise dispose of Sicily's Assets, and it typically takes the Financial Institutions a minimum of five (5) days after service to locate, attach and freeze assets, the Court allows enough time for Plaintiff to serve the Financial Institutions with this Order and for Financial Institutions to comply with Paragraph a) above before requiring service of this Order and Plaintiff's papers filed in support of the Instant Application on Sicily.

c) Sicily and all persons in active concert and participation with Sicily who receive actual notice of this Order, including the Third Party Service Providers and Financial Institutions who satisfy those requirements and are identified in the PI Order, are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

    i.    secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Sicily's Assets from or to Sicily's Financial Accounts until further

ordered by this Court; and

    ii.    instructing, aiding or abetting Sicily and/or any other person or business entity in engaging in any of the activities referred to above.

d)  Within fourteen (14) days after receiving notice of this Order, all Financial Institutions who receive service of this Order shall provide Plaintiff's counsel with all documents and records in their possession, custody or control (whether located in the U.S. or abroad), relating to any and all of Sicily's Financial Accounts, including, but not limited to, documents and records relating to:

    i.    account numbers;

    ii.    current account balances;

    iii.    any and all identifying information for Sicily, Sicily's User Accounts and Sicily's Merchant Storefronts, including, but not limited to, names, addresses and contact information;

    iv.    any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents, and if a business entity, any and all business documents provided for the opening of each and every of Sicily's Financial Accounts;

    v.    any and all deposits and withdrawal during the previous year from each and every one of Sicily's Financial Accounts and any and all supporting documentation, including, but not limited to, deposit slips, withdrawal slips, cancelled checks and account statements; and

    vi.    any and all wire transfers into each and every of Sicily's Financial Accounts during the previous year, including, but not limited to, documents sufficient to

3

show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number.

e) As sufficient cause has been shown, and pursuant to Rule 4(f)(3) that service of this Order and the Instant Application may be made on, and shall be deemed effective as to Sicily if it is completed by the following means:

　　i.　delivery of: (i) a PDF copy of this Order and Plaintiff's papers filed in support of the Instant Application; and (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com or via website publication through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where Sicily will be able to download a PDF copy of this Order and Plaintiff's papers filed in support of the Instant Application, to Sicily's e-mail address previously identified by Amazon (sowgreen-direct@hotmail.com).

f) As sufficient cause has been shown, service of this Order shall be made on and deemed effective as to the Third Party Service Providers and Financial Institutions if it is completed by the following means:

　　i.　delivery of: (i) a true and correct copy of this Order via Federal Express to Amazon.com, Inc. at Corporation Service Company 300 Deschutes Way SW, Suite 304, Tumwater, WA 98501, (ii) a PDF copy of this Order or (iii) a link to a secure website where Amazon.com, Inc. and Amazon Pay will be able to download a PDF copy of this Order via electronic mail to tro-notices@amazon.com and ostephmu@amazon.com;

4

  ii. delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PayPal Inc. will be able to download a PDF copy of this Order via electronic mail to PayPal Legal Specialist at EEOMALegalSpecialist@paypal.com;

  iii. delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Payoneer Inc. will be able to download a PDF copy of this Order via electronic mail to thirdpartyrequests@payoneer.com; and

  iv. delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PingPong Global Solutions Inc. will be able to download a PDF copy of this Order via electronic mail to trorequest@pingpongx.com.

g) This Order and Plaintiff's papers filed in support of the Instant Application shall remain under seal until the Financial Institutions have confirmed their compliance with Paragraph a) above, and Plaintiff has notified the Court thereof.

h) Sicily is hereby given notice that it may be deemed to have actual notice of the terms of this Order and any act by Sicily in violation of this Order may be considered and prosecuted as in contempt of this Court.

i) The $15,000.00 bond posted by Plaintiff shall be deemed as sufficient and remain with the Court until the final disposition of this case.

j) This Order shall remain in effect during the pendency of this action, or until further order of the Court.

k) Sicily may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiff or on shorter notice as set by the Court.

**SO ORDERED.**

SIGNED this 27th day of April 2026, at 10:30 a.m.
New York, New York

_____
HON. DALE E. HO
UNITED STATES DISTRICT JUDGE

6